10 CV 8880

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERTA WEINGARTEN,

                     Plaintiff,

-against-

EVANS LAW ASSOCIATES,

                   Defendant(s).
-------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff ROBERTA WEINGARTEN ("Plaintiff" and/or "ROBERTA"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant EVANS LAW ASSOCIATES ("ELA") hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

## PARTIES

2. Plaintiff is a resident of the State of New York, with a residence at 501 Seven Fields Lane, Brewster, New York 10509.

3. Defendant is a corporation organized in New York, with their main office at 3842 Harlem Rd., Suite 400-329, Cheektowaga, N.Y. 14215.

4. Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Evans Law Associates.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

22. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by phone.

23. Approximately September 15th, 2010 the Plaintiff received a phone call from the Defendant.

24. The Defendant's message was left on the telephone of Craig Moskowitz (203) 428 – 6319.

25. The Defendant's message was pre-recorded and computerized.

26. The Defendant's message violated 15 USC §1692e (11) by failing to give the required disclosure identifying themselves as debt collectors.

27. The Defendant's message was the following: "This is a message for Roberta Weingarten from Evans Law Associates. We are an asset recovery company and need to speak to the following or their attorney.

28. The Defendant's use of the term "asset recovery company" is misleading and confusing and the least sophisticated consumer would not realize that this is a substitute term for debt collector.

29. The Defendant's use of the term "asset recovery company" is therefore deceptive and violates 15 USC §1692e – preface and e (10) which prohibit the use of any false, deceptive or misleading representation or means in connection with the collection of any debt.

30. The term asset is defined by Webster's Dictionary as an object of value. The term debt is defined by Webster's as an obligation to pay or do something. The word asset does not denote debt. Therefore this is deceptive and misleading under 15 USC §1692e – preface and e (10).

31. The words collection is defined by Webster's as a request for a sum of money. The word asset is defined by Webster's as the act of recovering, regaining, or retaking. The use of the word asset does not denote collection and is therefore deceptive and misleading and violates 15 USC §1692e – preface and e (10).

32. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Plaintiff and the Class have been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, and 15 USC §1692e (11).

35. As a result of Defendant's violations of the FDCPA, Plaintiff and Class have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (New York State Claims)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of New York General Business Law §349.

38. As a result of Defendant's violations of New York General Business Law City, Plaintiff has been damaged and is entitled to damages in accordance with New York General Business Law §349 (h).

## DEMAND FOR TRIAL BY JURY

39. Plaintiff ROBERTA WEINGARTEN hereby respectfully requests a trial by

jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERTA WEINGARTEN, on its behalf and on behalf of the members of the Class, demands judgment from the Defendant Evans Law Associates as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); and New York General Business Law §349 (h).

    E.    A declaration that the Defendant's practices violated the FDCPA;

    G.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
               November 22, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiff Roberta Weingarten*

To:   Evans Law Associates
      3842 Harlem Rd., Suite 400-329
      Cheektowaga, N.Y. 14215

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Southern of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK             CASE NO.:

ROBERTA WEINGARTEN,

                          Plaintiff(s),

    -against-

EVANS LAW ASSOCIATES,

                          Defendant(s).

## COMPLAINT

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone: (212) 796-0930
Facsimile: (212) 330-7582